# NO. 12-17-00082-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BOBBY BURRELL,*<br>*APPELLANT* | § | *APPEAL FROM THE 87TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Bobby Burrell appeals his conviction for six counts of aggravated assault with a deadly weapon. In one issue, Appellant argues that his sentence was disproportionate to the crime for which he was convicted. We affirm.

## BACKGROUND

Appellant was charged by indictment with six counts of second-degree felony aggravated assault with a deadly weapon[1] and pleaded "guilty." Following a sentencing hearing, the trial court found Appellant "guilty" as charged and sentenced him to imprisonment for twenty years.[2] This appeal followed.

## CRUEL AND UNUSUAL PUNISHMENT

In his sole issue, Appellant argues that the twenty year sentence imposed by the trial court amounts to cruel and unusual punishment. However, Appellant made no timely objection to the trial court raising the issue of cruel and unusual punishment and has, therefore, failed to

---

[1] *See* TEX. PENAL CODE ANN. § 22.02 (West 2011).

[2] The trial court sentenced Appellant to twenty years for each of the six counts, but the sentences are to run concurrently.

preserve any such error. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with regard to rights under the Texas Constitution); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver with regard to rights under the United States Constitution); *see also* TEX R. APP. P. 33.1; *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009) ("Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion[;] ... it [is] incumbent upon the [c]ourt itself to take up error preservation as a threshold issue[]"). But even despite Appellant's failure to preserve error, we conclude that his sentence does not constitute cruel and unusual punishment.

The Eighth Amendment to the Constitution of the United States provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. AMEND. VIII. This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Meadoux v. State*, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010) (citing *Robinson v. California*, 370 U.S. 660, 666–67, 82 S. Ct. 1417, 1420–21, 8 L. Ed. 2d 758 (1962)).

The legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664.

In the case at hand, Appellant was convicted of aggravated assault with a deadly weapon, the punishment range for which is not less than two years but no more than twenty years. *See* TEX. PENAL CODE ANN. §§ 12.33(a), 22.02 (West 2011). Thus, the sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se.

Nonetheless, Appellant contends that his sentence is "grossly disproportionate." Under the three part test originally set forth in *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983), the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Id*., 463 U.S. at 292, 103 S. Ct. at 3011. The application of the *Solem* test has

2

been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in ***Harmelin v. Michigan***, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See*, *e.g., **McGruder v. Puckett***, 954 F.2d 313, 316 (5th Cir. 1992), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also **Jackson v. State***, 989 S.W.2d 842, 845–46 (Tex. App.–Texarkana 1999, no pet.).

We first must determine whether Appellant's sentence is grossly disproportionate. In so doing, we are guided by the holding in ***Rummel v. Estelle***, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). In ***Rummel***, the Supreme Court addressed the proportionality claim of an appellant who had received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See **id**.*, 445 U.S. at 266, 100 S. Ct. at 1135. A life sentence was imposed because the appellant also had two prior felony convictions—one for fraudulent use of a credit card to obtain $80 worth of goods or services and the other for passing a forged check in the amount of $28.36. ***Id***., 445 U.S. at 265-66, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. ***Id***., 445 U.S. at 284-85, 100 S. Ct. at 1144-45.

In the case at hand, the offense committed by Appellant—aggravated assault with a deadly weapon—is far more serious than the combination of offenses committed by the appellant in ***Rummel***, while Appellant's twenty year sentence is less severe than the life sentence upheld by the Supreme Court in ***Rummel***. Thus, it is reasonable to conclude that if the sentence in ***Rummel*** was not unconstitutionally disproportionate, neither is the sentence assessed against Appellant in the present case. Therefore, since the threshold test has not been satisfied, we need not apply the remaining elements of the ***Solem*** test. *See **McGruder***, 954 F.2d at 316; *see also **Jackson***, 989 S.W.2d at 845–46. Appellant's sole issue is overruled.


## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered August 9, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

AUGUST 9, 2017

NO. 12-17-00082-CR

**BOBBY BURRELL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 87th District Court

of Anderson County, Texas (Tr.Ct.No. 87CR-16-32850)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*